PHEBE M. BERGSTRASSER et al.

*v.*

GEORGE R. SAYRE et al.

In 1870 a husband and wife owned certain lands, the latter an undivided one-eighth thereof, and they sold it to A and B, who paid the husband $3,000 in cash, which he applied to his own use, and gave him a mortgage for $12,-000, the balance of the consideration. In 1875 A and B, in consideration of $100 and the cancellation of their mortgage, reconveyed the premises to the husband. After his death and on a partition of the premises—*Held,* that the wife was entitled to one-eighth part thereof in her own right.

---

Bill for partition. On final hearing on pleadings and proofs.

*Mr. E. S. Atwater,* for Charity O. Sayre.

THE CHANCELLOR.

The question raised upon the pleadings is whether the defendant Charity O. Sayre is entitled to the equitable interest which, by her answer in the nature of a cross-bill, she claims in part of the property whereof partition is sought. She alleges that although her late husband, Nehemiah B. Sayre, died legally seized of the whole of the premises, yet she was the equitable owner of one-eighth thereof. The proof is that in 1870 her husband and she owned that part of the property together, he owning seven-eighths and she one-eighth. They then sold it to James C. Blake and Merville Saunders for $15,000, and together conveyed it to them by their deed dated April 9th, 1870. The deed states that sum as the consideration. For $12,000 of the price a mortgage of the same date was taken from the grantees to the husband. He received the rest of the purchase-money himself and applied it to his own use. Afterwards, in 1875, Blake and Saunders conveyed the property to the husband in satisfaction of the mortgage. Their deed to him purports to have been made for the consideration of $100. He died seized of the property under that deed. One eighth of it he held in trust for his wife. The satisfaction of the mortgage and the payment of $100 were the consideration of the deed to him. One-eighth of the mortgage debt belonged to her. She never gave him her interest in the property nor her interest in the mortgage. As to one-eighth of the property, he bought it with money belonging to her separate estate in his hands in trust for her and took the title in his own name. She therefore is, by a resulting trust, entitled to one-eighth of the property. The fact that he received the whole of the $3,000 and gave none of it to her, forbids any claim of his estate on account of the payment of the $100.